

DocuSign Envelope ID: 4B777AAA-6DF6-41D5-B1D8-BCFDA42EC66D

October 19, 2023

Burke Decor, LLC
1419 Boardman-Canfield Rd., Ste. 280
Youngstown, OH 44512
Attn: Erin Burke

**Re: FORBEARANCE AND SECURED CORPORATE GUARANTY AGREEMENT**

Dear Ms. Burke:

On or about September 27, 2022, Burke Decor, LLC as borrower ("Borrower"), Ms. Erin Burke as limited guarantor ("Limited Guarantor") and Ampla, LLC as lender ("Lender"), executed that certain Growth Line of Credit Agreement ("Credit Agreement"). Borrower, Limited Guarantor, Lender as well as the Secured Corporate Guarantors (defined below), shall be referred to as the "Parties." Capitalized terms not otherwise defined herein however shall have their meaning as defined in the Credit Agreement.

Lender sent Borrower a letter dated August 17, 2023 entitled: "Notice of Event of Default and Opportunity to Cure through 12:01 a.m. ET, Friday, August 25, 2023" ("Default Letter). The Default Letter advised Borrower of several Events of Default with respect to the wrongful diversion of Advance proceeds in violation of the Credit Agreement. The Default Letter provided Borrower, though not required by the Credit Agreement, five (5) business days' notice and opportunity to cure said Events of Default. Lender asserts they were not cured by the deadline. Pursuant to the Credit Agreement, Section 33(C), Lender asserts it can accelerate the balance of Obligations, which as of today's date is $7,469,495.00, plus hereinafter accruing contractual interest ("Balance"). Lender asserts that the Balance is now due and owing, in full. Borrower admits that the Balance is now due and owing, in full, to Lender.

Nevertheless, the Parties have recently had several constructive conversations, and in pursuance thereof, the Parties enter into this forbearance and secured corporate guaranty agreement ("Forbearance Agreement"), in which, Borrower agrees to comply with the following payment and other terms. In Lender's consideration of Borrower's agreement to abide by the terms of the Forbearance Agreement, and in lieu of Lender exercising at this immediate time any and all remedies to which it asserts it is entitled pursuant to the Credit Agreement, Section 33, as well as applicable law, the Parties agree as follows:

Exhibit 3

DocuSign Envelope ID: 4B777AAA-6DF6-41D5-B1D8-BCFDA42EC66D
Ampla

### 1. Borrower's Weekly Wire Transfer Payments.

Commencing Thursday, October 19, 2023, and repeating every Thursday thereafter, and should a Thursday be a non-banking day, then the very next day (Friday), Borrower shall wire transfer to the Lender Wire Account (as defined below) the following payments: (i) for weeks 1 through 14 inclusive (commencing Thursday, October 19, 2023, and ending Thursday, January 18, 2024), $25,000 shall be wire transferred by Borrower to Lender each and every Thursday; (ii) for weeks 15 through 20 inclusive (commencing Thursday, January 25, 2024, and ending Thursday, February 29, 2024), $150,000 shall be wire transferred by Borrower to Lender each and every Thursday; and (iii) for weeks 21 through 25 inclusive (thus commencing Thursday, March 7, 2024, and ending Thursday, April 4, 2024), $250,000 shall be wire transferred by Borrower to Lender each and every Thursday (collectively, the "Weekly Payments").

The above Weekly Payments shall each be wire transferred such that they are received by Lender no later than 1 p.m. ET, each and every Thursday, into the following account ("Lender Wire Account"):

Bank Account Name: BURKE DECOR LLC
Bank Name: Blue Ridge Bank, N.A.
Bank Address: 17 West Main Street, Luray, Virginia 22835
Routing Number: 051402372
Account Number: 8760683784

### 2. Shopify Bullet Payment.

Notwithstanding anything to the contrary in the Credit Agreement, Lender hereby consents to Borrower incurring such Third-Party Financing indebtedness from Shopify Capital up to $2,000,000, provided that at least the first $1,000,000 in financing proceeds thereof shall be used to pay down the Obligations ("Shopify Bullet Payment"). In furtherance thereof and as a condition to Lender's consent hereto, on Monday, October 23, 2023, prior to 1 p.m. ET, or if Borrower's closing with Shopify Capital occurs thereafter, then within three (3) business days of said closing, Borrower promises to pay to Lender via wire transfer into the Lender Wire Account said Shopify Bullet Payment. Of the same date, Borrower shall also share with Lender such meaningful financial data demonstrating total funds received from Shopify Capital and thus Borrower's deriving of said Shopify Bullet Payment amount.

DocuSign Envelope ID: 4B777AAA-6DF6-41D5-B1D8-BCFDA42EC66D
Ampla

### 3. Excess Cash Bullet Payment.

On January 2, 2024, prior to 1 p.m. ET, Borrower promises to pay to Lender via wire transfer into the Lender Wire Account the greater of: (i) all of Borrower's cash in excess of $2,000,000 or (ii) $250,000 ("Excess Cash Bullet Payment"). Of the same date, Borrower shall also share with Lender such meaningful financial data demonstrating how Borrower exercised commercially-reasonable, prudent financial analysis in deriving the Excess Cash Bullet Payment.

### 4. Final Payment Due April 11, 2024.

On April 11, 2024, prior to 1 p.m. ET, Borrower promises to pay to Lender via wire transfer into the Lender Wire Account the remaining Balance of Obligations (if any), plus a 3.5% flat fee interest charge ("Flat Fee Charge"), which shall be assessed against same Balance figure (the Balance, plus the Flat Fee Charge, collectively, the "Final Payment"). Notwithstanding the foregoing, if Borrower pays the Balance in full to Lender prior to: (i) April 11, 2024, then the Flat Fee Charge shall be reduced to 3.00%; (ii) March 1, 2024, then the Flat Fee Charge shall be reduced to 2.00%; (iii) February 1, 2024, then the Flat Fee Charge shall be reduced to 1.00%; and (iv) January 1, 2024, then the Flat Fee Charge shall be waived.

### 5. Secured Corporate Guaranty.

In consideration of Lender's forbearances granted herein and specifically as demonstrated by this Forbearance Agreement, Borrower's affiliates Au Marche LLC and Furnishings LA LLC (collectively, the "Secured Corporate Guarantors") desire to provide to Lender secured corporate guaranties which shall provide for, alongside Borrower, an all-assets, personal property, security interest Collateral grant in favor of Lender pursuant to Section 17 of the Credit Agreement (which section is incorporated hereinto by reference among other sections, see below), all as follows. The Secured Corporate Guarantors, joint and several to the Borrower, hereby consent to, and agree to be bound by, the Secured Corporate Guaranty (as defined below), as follows:

> **"SECURED CORPORATE GUARANTY.** The guarantors signing below are affiliate companies of the Borrower ("Secured Corporate Guarantors"). Secured Corporate Guarantors each, joint and several to each other and the Borrower, absolutely and unconditionally guarantee the prompt payment to Lender, including its successors and assignees, of any and

DocuSign Envelope ID: 4B777AAA-6DF6-41D5-B1D8-BCFDA42EC66D
Ampla

all Obligations incurred by the Borrower pursuant to the Credit Agreement, which as of today's date, includes but is not limited to a running Balance of Obligations of $7,469,495.00 (this "<u>Secured Corporate Guaranty</u>"). Provided Borrower first incurs an Event of Default under the Credit Agreement, as amended by this Forbearance Agreement, Secured Corporate Guarantors each agree to repay the Obligations on demand, without requiring Lender first to enforce payment against Borrower (or against the one or the other Secured Corporate Guarantor). This is a guarantee of payment and not of collection. This is an absolute, unconditional, primary, and continuing obligation and will remain in full force and effect until all the Balance has been indefeasibly paid in full. Furthermore, and not limiting the foregoing in any respect, Secured Corporate Guarantors each consent to, agree to be bound by, and otherwise join into each and every of the following provisions from the Credit Agreement in the same capacity as, and thus alongside and joint and several to Borrower, which provisions for the avoidance of any doubt are hereby incorporated by reference: Sections 17, 18, 19, 20, 22, 23, 25, 26, 28, 29, 32, 33, 34, 35, 36, 39, 45, 46, 47, 48, 50 and 52."

### 6. Good Faith Cooperation and Business Performance Covenants.

Borrower and Lender agree to cooperate in good faith to ensure that the Balance is paid as agreed hereto. In that spirit, in addition to the representations, warranties and covenants set forth in the Credit Agreement, Borrower agrees: (i) that it shall participate with Lender in a 15-minute standing telephone call or videoconference meeting every Thursday, commencing Thursday, October 12, 2023; (ii) that Borrower shall maintain a minimum capital ratio of 0.70x, which ratio shall be defined as Borrower's current assets divided by current liabilities (including for the avoidance of any doubt the Balance outstanding) as prepared in accordance with GAAP, which financial documents demonstrating said ratio shall be updated and shared in writing each month; (iii) that Borrower shall maintain a minimum Monthly Cashflows of $3,500,000; and (iv) that Borrower shall limit total and cumulative cash outflows to any persons or entities, not otherwise "Borrower" and strictly the following of its affiliates (y) 222 Brand Blvd Realty LLC (though limited to $55,000 for this entity) and (z) 7373 Market Street Realty Holding LLC and 300 Boardman Poland Road Realty LLC (though limited to $35,000 for these two entities), which financial documents demonstrating said limited cash outflows shall be updated and shared in writing the Wednesday prior to said weekly Thursday call as set forth in the preceding subsection (i).

DocuSign Envelope ID: 4B777AAA-6DF6-41D5-B1D8-BCFDA42EC66D

Except for the forbearances explicitly allowed herein, Lender reserves all rights under the Credit Agreement and applicable law. The Parties agree to the terms of this Forbearance Agreement by signing below.

Sincerely,

*Anthony Santomo*
Anthony Santomo, CEO Ampla, LLC

Borrower hereby consents to, and agrees to be bound by, the terms of this Forbearance Agreement, by its signature below:

**Burke Decor, LLC**

By: _____
Its: MEMBER

Au Marche LLC, as Secured Corporate Guarantor, joint and several to Furnishings LA LLC and the Borrower, hereby consents to, and agrees to be bound by, the Secured Corporate Guaranty as set forth above:

**Au Marche LLC**

By: _____
Its: MEMBER

Furnishings LA LLC, as Secured Corporate Guarantor, joint and several to Au Marche LLC and the Borrower, hereby consents to, and agrees to be bound by, the Secured Corporate Guaranty as set forth above:

**Furnishings LA LLC**

By: _____
Its: MEMBER