UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| AMPLA, LLC, | CASE NO. 4:24-cv-00869 |
| Plaintiff, | ORDER |
|  | [Resolving Docs. 10, 12] |
| v. |  |
| BURKE DECLOR, LLC, et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Ampla, LLC (Ampla) sues Defendants Burke Decor, LLC (Burke Décor); Erin Burke; Au Marche, LLC (Au Marche); and Furnishings LA, LLC (Furnishings) (collectively, the Burke Defendants).[1]

Plaintiff Ampla sues Defendant Burke Décor for breach of a credit agreement and subsequent forbearance agreement, as well as fraudulent misrepresentations.[2] Defendant Erin Burke is the alleged principal of Defendant Burke Decor, and Plaintiff Ampla claims she is personally liable for the full balance owed to Ampla.[3] Ampla also says that Defendants Furnishings and Au Marche, as Burke Decor's corporate guarantors, are also liable for the full amount owed to Ampla by Burke Décor.[4] Defendant Erin Burke is the sole member of Defendant Au Marche and Defendant Furnishings.[5]

---

[1] The United States Small Business Administration is listed as a defendant because Ampla states that it may have an interest in the collateral property upon which this is matter is based.
[2] Doc. 1, PageID #: 2.
[3] *Id.* at PageID #: 3.
[4] *Id.*
[5] *Id.* at PageID #: 4.

Case No. 4:24-cv-00869
GWIN, J.

Ampla executed service on Defendants on May 17, 2024.[6]  The Burke Defendants did not respond.

So, on June 14, 2024, Ampla moved for an entry of default against the Burke Defendants under Federal Rule of Civil Procedure 55(a).[7]

Four days later, the Burke Defendants filed their opposition to Plaintiff Ampla's motion for entry of default.  The Burke Defendants also moved for leave to respond to the complaint.[8]  Plaintiff replied.[9]

Then, on July 1, 2024, Defendant Erin Burke filed notice that on June 20, 2024, she had filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Central District of California.[10]  Defendant Erin Burke says that the bankruptcy code's automatic stay applies to this matter.[11]

Plaintiff Ampla does not dispute the automatic stay as applied to Defendant Erin Burke.  It does, however, object to extending Defendant Erin's Burke's personal bankruptcy's automatic stay to Defendants Burke Decor, Au Marche, and Furnishings (the corporate Burke Defendants).

For the following reasons, the Court **ALLOWS** the case to proceed against the corporate Burke Defendants.  The Court **GRANTS** the corporate Burke Defendants **fourteen (14) days** from the date of this order to respond to the complaint.

---

[6] *See* Docs. 4, 5, 6, & 7.
[7] Doc. 10, PageID #: 104.
[8] *See* Doc. 12.
[9] Doc. 13.
[10] *See* Doc. 14, PageID #: 117; *In re: Erin Elizabeth Burke*, Case No. 2:24-bk-14882 (Bankr. C.D. Cal. 2024).
[11] Doc. 14, PageID #: 117.  *See* 11 U.S.C. § 362(a).

Case No. 4:24-cv-00869
GWIN, J.

## I.  DISCUSSION

### A. Section 362 Automatic Stay

A petition for bankruptcy operates as a stay and is applicable to the continuation of a judicial proceeding against a debtor.[12]  The automatic stay stays actions against the debtor and not, however, "separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation."[13]  Defendant Erin Burke's automatic stay therefore only extends to herself, not the corporate Burke Defendants.

Extending a bankruptcy stay to a non-bankrupt co-defendant is justified only in "unusual circumstances."[14]  Such circumstances usually include when the debtor and the non-bankrupt party are closely related, or the stay contributes to the debtor's reorganization.[15]

That question, however, is to be decided by the bankruptcy court; the request for a stay pursuant to the automatic stay provision "can only be presented to the bankruptcy court."[16]  This is because "such extensions, although referred to as extensions of the automatic stay, [are] in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate."[17]

So, this Court will not determine whether Defendant Burke has shown that unusual circumstances justify extending the stay to the corporate Burke.[18]  Should the bankruptcy court extend the stay to the corporate Burke Defendants in the future, Defendant Burke may

---

[12] 11 U.S.C. § 362(a)(1)..
[13] *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (emphasis and citation omitted).
[14] *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (citation omitted).
[15] *Patton*, 8 F.3d at 349.
[16] *Id.*
[17] *Id.*
[18] *See In re Trans-Service Logistics, Inc.*, 304 B.R. 805, 807 (Bankr. S.D. Ohio 2004).

Case No. 4:24-cv-00869
GWIN, J.

give notice to this Court. Until then, the Court will allow the case to continue against the corporate Burke Defendants.

### B. Motion for Leave to Respond

Rule 12(a)(1)(A) provides that a defendant must serve an answer to a complaint within twenty-one days after being served.[19] A court may extend that period "for good cause" upon a party's motion "if the party failed to act because of excusable neglect."[20]

Having shown excusable neglect, the corporate Defendants are entitled to a brief extension to respond to Plaintiff's complaint. Although the time for answer had passed, Defendants' counsel made an appearance and filed an opposition to default entry once he was notified.[21]

Courts prefer to decide cases on their merits.[22] "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."[23]

Given the case's early stage, there is little prejudice to Plaintiff Ampla—who filed this matter—in allowing the corporate Burke Defendants to proceed. Indeed, the corporate Burke Defendants would suffer prejudice if default was entered against them, over their stated desire to defend themselves.

---

[19] Fed. R. Civ. P. 12(a)(1)(A)(i).
[20] Fed. R. Civ. P. 6(b)(1)(b).
[21] Doc. 12, PageID #: 112.
[22] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").
[23] *Id.* at 841-42 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (overruled on other grounds)).

- 4 -

Case No. 4:24-cv-00869
GWIN, J.

## II. CONCLUSION

For the foregoing reasons, the Court **ALLOWS** the case to proceed against Defendants Burke Decor, Au Marche, and Furnishings. The Court **GRANTS** Defendants Burke Decor, Au Marche, & Furnishings' motion for leave to respond. Those Defendants must respond **within fourteen (14) days** of this order.

The case is automatically stayed as to Defendant Erin Burke.

IT IS SO ORDERED.

Dated: July 22, 2024             *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE